## John C. Tibbetts *versus* Seth Sumner.

In an action for the price of goods sold, evidence that upon several other sales made by the vendor to the vendee, a certain credit had been allowed, is competent to prove, that the sale in question was made on the same credit.

Assumpsit for goods sold and delivered.

At the trial, before *Wilde* J., the defendant, in order to prove that the sale was made upon a credit of six months, which had not expired when the action was commenced, offered in evidence certain promissory notes payable in six months from date, made by him and given to the plaintiff, or to Tibbets & Brodhead, a firm of which the plaintiff was a member, together with certain bills of parcels, purporting to be of goods sold by that firm or by the plaintiff to the, defendant, and settled by notes payable in six months from date. All these notes were given on account of other goods than those for the price of which this action was brought.

The plaintiff objected to the admission of this evidence, as being incompetent and as having no tendency to prove the matter in issue.

The judge allowed the bills of parcels and notes to be read in evidence, reserving the question for the whole Court, and instructed the jury, that they were proper evidence to show a course of dealing on credit, and that a credit of six months was

given on the sale in question; and that if the jury should be- *Tibbetts*
lieve, from this evidence, that such a credit was given, the ac- *v.*
tion could not be maintained.                                   *Sumner.*

The jury found a verdict for the defendant.

*Rand* and *Fiske*, for the plaintiff.                          *June 15th*

*E. Blake*, for the defendant, cited *Loring* v. *Gurney*, 5
Pick. 16; *Haven* v. *Wentworth*, 2 N. Hamp. R. 93; *Lin-
coln & Kennebeck Bank* v. *Page*, 9 Mass. R. 157; *Everng-
him* v. *Ensworth*, 7 Wendell, 326; *Bruce* v. *Hunter*, 3
Campb. 467; *Calton* v. *Bragg*, 15 East, 223; *Dodge* v.
*Perkins*, 9 Pick. 385; *Fruhling* v. *Schroeder*, 2 Bingh.
(New Ser.) 77; *Kemble* v. *Atkins*, 7 Taunt. 260; *S. C.*
1 J. B. Moore, 6; *Evans* v. *Birch*, 3 Campb. 10; *Gillman*
v. *Robinson*, 1 Carr. & Payne, 642.

*Per Curiam.* The Court are of opinion, that the evidence  *June 26th.*
offered by the defendant in the present case, was competent to
prove a usual course of dealing between these parties; and
from that course of dealing, the jury might, in the absence
of positive evidence, infer an intention that the particular sale
in question should be on credit. When such a course of
dealing is shown to exist, it will be presumed to continue, until
some new arrangement is made, or until one party or the other
shall give notice of his intent to change it.

*Judgment on the verdict.*